Homer Larry STOUGHTON
and Gladys Stoughton,
*Plaintiffs,*

*v.*

JOSEPHINE COUNTY ASSESSOR,
*Defendant.*

(TC-MD 011158C)

A case management conference was held January 14, 2002.

Homer Larry Stoughton, Plaintiff, argued the cause *pro se.*

Michael L. Schneyder, Josephine County Assessor's Office, argued the cause for Defendant.

Decision rendered for Defendant January 28, 2002.

## DAN ROBINSON, Magistrate.

Plaintiffs have appealed Defendant's denial of their application for reassessment for the 2001-02 tax year under ORS 308.146(6)[1] following the partial destruction of their home by fire in May 2001. Defendant in its Answer requested that it be afforded the opportunity to value the property as of July 1, 2001, due to "extraordinary conditions."

During the January 14, 2002, case management conference the parties informed the court they were in agreement the property should be valued as of July 1, 2001, and that the value should be reduced to $7,660. Although Plaintiffs failed to timely file for relief under ORS 308.146(6), the parties contend relief is warranted based on the court's commitment to providing individual justice in each case.[2] For the reasons set forth below, the court finds it cannot accept the parties' agreement.

## I. STATEMENT OF FACTS

The following material facts are undisputed. Plaintiffs' home was partially destroyed by fire on May 25, 2001. The damage was extensive enough that Plaintiffs were required to move out of the home for three months while the repairs were being made. They moved back into the home on or about August 27, 2001. When their tax statement arrived in October an insert provided by the tax collector explained various aspects of property taxation, including the availability of tax relief for homeowners whose property is destroyed by fire. After reading that flyer, Plaintiffs contacted the assessor's office and then went down to the office to fill out an application for redetermination of value under ORS 308.146(6).[3] Schneyder assisted Plaintiffs in completing the form and then verbally denied the request on the spot because the August 1 deadline had been missed. A formal

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1999.

[2] The county's representative, Schneyder, stated he heard that term used at a court presentation, presumably back in the early days of the creation of the Magistrate Division of the Tax Court in 1997.

[3] Although the statute does not use the term redetermination, but rather merely provides for the value to be determined as of July 1, the act is essentially a redetermination because value has already been determined as of January 1.

written denial was mailed on November 13, 2001. The written notice explained the reason for the denial (untimely filing) and advised Plaintiffs they could appeal the decision to the Magistrate Division of the Tax Court. Plaintiffs promptly appealed, mailing their Complaint the next day.

## II.  ISSUE

The issue presented is whether the court has authority to grant Plaintiffs' request, which is not opposed by Defendant, to have their value determined under ORS 308.146(6), in spite of their failure to timely file the application required by paragraph (b) of the statute.

## III.  ANALYSIS

■　In Oregon, property values for tax purposes are ordinarily determined as of January 1 of each assessment year for the upcoming tax year, which begins on July 1 of the same calendar year. *See* ORS 308.210(1); ORS 308.007.[4] For example, values for the 2001-02 tax year were determined on January 1, 2001, and the 12-month tax year began on July 1, 2001.[5] However, when, as in this case, property is damaged by fire during the first six months of the assessment year (between January 1 and June 30), the property owner may apply to the county assessor to have the value determined as of July 1. ORS 308.146(6) provides as follows:

"(a)   If, during the period beginning on January 1 and ending on July 1 of an assessment year, any real or personal property is destroyed or damaged, the owner or purchaser under a recorded instrument of sale in the case of real property, or the person assessed, person in possession or owner in the case of personal property, may apply to the county assessor to have the real market and assessed value of the property determined as of July 1 of the current assessment year.

"(b)   The person described in paragraph (a) of this subsection **shall** file an application for assessment under this

---

[4] The "assessment year" is a calendar year and the "tax year" is a 12-month period beginning on July 1. ORS 308.007(1)(b) and (c).

[5] By statute, "[t]he assessment year beginning January 1 corresponds to the tax year beginning July 1 of the same calendar year." ORS 308.007(2)(a).

section with the county assessor **on or before August 1 of the current year**.

> "(c) If the conditions described in this subsection are applicable to the property, then notwithstanding ORS 308.210, the property shall be assessed as of July 1, at 1:00 a.m. of the assessment year, in the manner otherwise provided by law."[6]

(Emphasis added.)

■ Plaintiffs' home was partially destroyed by fire on May 25, 2001, which of course falls within the six-month window provided in paragraph (a) of the statute. Thus, Plaintiffs were entitled to have their values determined as of July 1, 2001. However, a timely application is necessary in order for the assessor to approve an application and redetermine the value. The "current year" as used in paragraph (b) above was 2001 and the application was therefore due by August 1, 2001. Plaintiffs missed that deadline, and as a result, the assessor's office denied their application.

■ The question then, is whether the court can overlook the statutory deadline? The answer to that question is no. The legislature created the benefit of reassessment to recognize the diminished value occasioned by a fire, but with it imposed a filing requirement and a deadline of August 1. The use of the word "shall" in paragraph (b) makes the filing of a timely application a mandatory requirement. ORS 308.146(6)(b). No exception was provided by the legislature as was done, for example, with certain exemptions available in chapter 307. *See* ORS 307.162(2). The court cannot create such an exception.

Defendant urged the court to grant relief under the notion of "individual justice." However, although the court does provide such justice, it is tied to the written law, whether declared in the Oregon Constitution, a statute, or a court decision. The court can find no authority for setting aside a filing deadline and granting the substantive relief

---

[6] The relief at issue is of recent origin, effectuated by an amendment to ORS 308.146 in 1999. Or Laws 1999, ch 1003, § 1.

provided. This court routinely denies requests to grant special assessment and exemption to otherwise qualifying taxpayers who miss their filing deadline. There is no authority to excuse an untimely filing where "extraordinary conditions" exist.

Plaintiffs' situation is not uncommon. The difficulty lies in the fact that most property owners who experience a fire are focused on repairing their homes and their lives rather than pursuing tax relief. Of course, property owners generally are often unaware of the laws as well. When the tax statement arrives a few months later, it often focuses the taxpayer's attention on the property taxes and the underlying values. Unfortunately, by that time the application deadline has expired and the taxpayer turns to the court for help. However, the court, like the assessor, is bound by the law. The law makes application a necessary precursor to relief and imposes a deadline for filing. If missed, the benefit otherwise available cannot be allowed. One solution would be to move the application deadline to sometime after the statements are mailed out, but that is a policy matter left to the legislature.

## IV. CONCLUSION

The court has reviewed the facts and the law and concludes Plaintiffs are not entitled to have their value for tax year 2001-02 determined as of July 1, 2001, as provided in ORS 308.146(6) because they missed the August 1, 2001, filing deadline. The court further concludes it has no authority to waive that requirement or excuse the untimeliness.

IT IS THE DECISION OF THE COURT that Plaintiffs' requested relief must be denied. The values on the rolls must stand.